# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

## SENTENCING MINUTES

| | |
|---|---|
| HON. **William E. Duffin**, presiding. | Deputy Clerk: Linda M. Zik |
| DATE: **October 15, 2024 at 10:00 a.m.** | Court Reporter: Jennifer Stake |
| CASE NO. **24-Cr-90** | Time Called: 9:59 a.m. |
| UNITED STATES of AMERICA v. **Eric Edward Lenzen** | |
| | Time Concluded: 10:55 a.m. |
| UNITED STATES by: **Julie F. Stewart** | |
| PROBATION OFFICER: **Nicole P. Ford** | |
| DEFENDANT: **Erie Edward Lenzen**, in person on bond, and by | |
| ATTORNEY: **Kathleen M. Quinn / Matthew E. McLaughlin** | |

Custody Bureau of Prisons   8 months   on Count   1 of the Information
Custody Bureau of Prisons   8 months   on Count   2 of the Information

**Terms to run consecutively for a total term of 16 months Imprisonment.**

Recommended Institution:  a facility close to the Eastern District of Wisconsin

Supervised Release   1   year on Counts   1 & 2

**Terms to run concurrently for a total term of 1-year Supervised Release.**

Conditions of Supervised Release

As modified and noted on the record.

Sentencing Minutes Continued

Defendant: **Eric Edward Lenzen**
Case No.: **24-Cr-90**

Fine: **$**

__X__  Fine waived

Restitution:   Final restitution figure to be determined
Payee: **IRS**

Forfeiture:

____   Defendant remanded to custody of U.S. Marshal

____   Execution of sentence stayed until __12:00 pm on__

__X__   Voluntary surrender to institution as directed by the Federal Bureau of Prisons

__X__   Defendant advised of right to appeal by court

____   Court orders copy of transcript to accompany presentence report

Special Assessment:

$50.00 ($25.00 as to each count)

Other:

Court has the revised PSR, the addendum with the objections and exhibits, IRS reports, text string, memorandum of interview, payroll records, an agreement between the defendant and Richard Lenzen, schedule K1 forms, letter from Richard Lenzen, Govt's sentencing memorandum with four sealed exhibits, and, two sealed letters filed recently. A motion to seal the two letter was filed; Govt has no objection; Motion to Seal is GRANTED (ECF No. 23).

Defendant previously submitted objections to the PSR and has no further objections.

GOVT has no objections to the PSR.

COURT addresses defendant's objections:
- Page 4: Tone of offense conduct: Govt characterizes certain actions as lies; Deft says they are unfulfilled promises: Court agrees with Govt that deft lied
    - Objection overruled
- Page 5 para 20: Defts objection has been resolved; documents were disclosed
    - Court considers it withdrawn
- Page 6 para 20 – documents have been provided
    - Court considers it withdrawn
- Page 6 para 21 – Deft seeks to add context
    - No need to add further context
- Page 7 para 26 – deft falsely stated that he did not have tax debt when he applied for a loan
    - Court finds this was not an oversight on deft's part; objection overruled
- Deft also objected to some supervised release conditions which are addressed later in the record

Maximum guideline penalties addressed.

OL = 19, CHC = I, 30 - 37 month imprisonment.

These are two Class A misdemeanors. The maximum sentence is 12 months as to each count for a maximum exposure of 24 months incarceration.

Supervised Release max = 1 year as to each count

Deft is eligible for up to 5 years' Probation

Max fine = $25,000 as to each count

Mandatory Special Assessment = $25 as to each count for total of $50

Sentencing Minutes Continued

Defendant: **Eric Edward Lenzen**
Case No.: **24-Cr-90**

GOVERNMENT sentencing argument
- Notes many of its comments are in its sentencing memorandum
- There were other counts that could have been charged
    - Early acceptance of guilt was considered by the government; therefore, the government did not charge other offenses
- He has not paid anything towards his restitution despite making a substantial amount of money
- Sentence recommended is based upon his acceptance of responsibility; it is not a violent crime; they are misdemeanors
- Instead of paying his taxes, he spent money on his lavish lifestyle
- Sentence should reflect general deterrence and respect for the law
- Recommends 16 months imprisonment
- He has had time to obtain mental health treatment, but has not sought it out on his own

DEFENSE COUNSEL
- He was charged with misdemeanors – they are not a crime of evasion or fraud; he filed appropriate tax returns, but did not pay the tax owed
- Case resolved with a Plea Agreement
- He is being punished for all of the conduct attributed to his tax conduct; it is not ongoing conduct
- He has not paid anything towards the restitution due to his struggle with mental health and substance abuse issues
- He has financial stability with an earning capacity greater than others
- He needs and wants help, but needs to be ordered to have substance and mental health treatment
- Impose a sentence of probation for the maximum time period with community service after inpatient substance and mental health treatment that he pays for
- If incarceration is imposed, 16 months is unwarranted
- Impose a non-guideline sentence of probation

DEFENDANT'S right of allocution.

COURT addresses § 3553(a) factors:
(1) Nature of offense:
   a. Not an egregious crime on its surface however, these offenses are aggravated – over $2,500,000 taxes owed with interest and penalties
   b. Spans over several years
   c. Was given many opportunities to pay
   d. Took steps to thwart the IRS
   e. Never took action to pay what he owed
   f. In the meantime, he earned a substantial income and lived an extravagant lifestyle
(2) History of defendant:
   a. Criminal history of I

      b. Has otherwise been law-abiding
      c. Has been pro-social
      d. Successful and well compensated attorney

He says the right things, but aggravating this is that he is an attorney because he should know what he did. He does not have rehabilitation needs that his crimes are related to.
Probation sentence is not appropriate.
He was given many opportunities to pay his taxes, but instead he spent money extravagantly, therefore, this case is exceptionally aggravated.
A sentence within the 30-37 months guideline range would have been appropriate; however, the government has recommended a sentence one-half of that.
He could have been charged with felonies; he received a huge break with misdemeanor charges with a maximum sentence of 1 year imprisonment on each count; no further break is appropriate.

Government's recommendation for 8 months imprisonment as to each count to run consecutively is adopted and imposed for a total term of 16 months imprisonment.

Supervised Release: 1 year each count to run concurrently
Conditions of SR imposed with modifications:
    (1) Interest is waived *post-judgment*
    (2) No Firearms / ammunition – this condition is not necessary and omitted
    (3) Leaving the District – modified that he must not knowingly leave the *continental United States* without notifying the court or probation officer; he must provide all requested information, including his whereabouts

Fine is waived.

Restitution: Government to update the figure as of today's date.

Special Assessment = $50.00

BOP recommendation – as close to ED/WI as possible.

Right to appeal addressed – has been waived in Plea Agreement

Voluntary Surrender; Deft requests voluntary surrender; Govt does not oppose; self-surrender to BOP facility at a date and time designated by the Federal Bureau of Prisons

Previous conditions of release apply pending self-surrender.